IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01076-BNB

GREGORY WADE OLIVER,

    Applicant,

v.

TOM CLEMENTS, Executive Director, Colorado Department of Corrections, and
JOHN SUTHERS, Attorney General,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Gregory Wade Oliver, currently is serving a mandatory term of parole. He filed *pro se* an amended Application for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 5), and paid the $5.00 filing fee. On June 12, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Oliver to show cause within thirty days why the amended habeas corpus application should not be denied. *See* ECF No. 6. On July 11, 2013, Mr. Oliver filed his response (ECF No. 7) to the order to show cause.

    The Court must construe liberally Mr. Oliver's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the habeas corpus application will be denied, and the action dismissed.

    In the amended application, Mr. Oliver, who alleges he was charged with but not convicted of sex offenses, complains that his 516 days of earned-time credits were

wrongfully withheld from August 1998 to May 2011 because he refused to participate in the Sex Offender Treatment Management Program. He further complains that as collateral consequences he was reclassified and not referred for community corrections placement or apparently earlier parole. As relief, he asks for the restoration of 449 days of earned-time credits he contends he should have received to be applied to the parole component of his sentence, since he currently is on parole. He insists Colo. Rev. Stat. § 17-22.5-405 ("Earned time . . . may be deducted from the inmate's sentence . . . . ") allows for earned-time credits to be awarded to a parolee for service of his or her sentence.

The Colorado Supreme Court's interpretation of Colorado law is binding on the federal habeas court, unless that interpretation violates federal law. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Mr. Oliver's withheld earned-time credits may not be used to reduce the parole component of his sentence. In Colorado, good-time and earned-time credits do not count as service of an inmate's sentence. *Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo. 1999). Earned-time credits serve only to establish parole eligibility and do not count as service of an inmate's sentence. *Kailey v. Price*, No. 11-cv-03418-REB-BNB, 2012 WL 2366168, at *3 n.2 (D. Colo. June 21, 2012) (unpublished), *aff'd*, 497 F. App'x 835, 837 n.3 (10th Cir. 2012); *Jones v. Martínez*, 799 P.2d 385, 387-88 & n.5 (Colo. 1990) (collecting cases).

Therefore, because Mr. Oliver already is serving parole, his request for the restoration of withheld earned-time credits, is moot. In addition, under Colorado law, those withheld earned-time credits may not be used to reduce the parole component of

his sentence.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Oliver files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the instant action dismissed.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  16th  day of     July         , 2013.

BY THE COURT:


　　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court